**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.**

**Question Propounded by the House in an Order Dated January 21, 1966.**

Supreme Judicial Court of Maine.

Jan. 27, 1966.

House Order Propounding Question

State of Maine
House of Representatives
102nd Legislature
First Special Session

State of Maine
In House January 18, 1966

Whereas, a Resolve, Proposing an Amendment to the Constitution Affecting the Apportionment of the State Senate (Senate Paper 624, Legislative Document 1630) is pending before the 102nd Legislature and it is important that the Legislature be informed as to the constitutionality of this proposed Amendment, and

Whereas, A Resolve, Proposing an Amendment to the Constitution Affecting the Apportionment of the State Senate (Senate Paper 607, Legislative Document 1632) is pending before the 102nd Legislature and it is important that the Legislature be informed as to the constitutionality of this proposed Amendment, and

Whereas, both resolves require that the apportionment of SENATORS shall be on the basis of the last Federal Census, and

Whereas, the Legislature has determined, for the purpose of this Order, that the last Federal Census shows the population of the respective counties of this State be as set forth in Exhibit A, attached hereto and incorporated herein, and

Whereas, it appears to the members of the House of the 102nd Legislature that certain provisions of the foregoing resolves present important questions of law and the occasion is a solemn one;

Now, Therefore, Be it Ordered, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby requested to give this Legislature their opinion on the following questions:

I

Is the method of apportioning Senators, set forth in Legislative Document 1630, constitutional?

## II

Is the method of apportioning Senators, set forth in Legislative Document 1632, constitutional?

| COUNTY | POPULATION |
| --- | --- |
| ANDROSCOGGIN | 86,312 |
| AROOSTOOK | 106,064 |
| CUMBERLAND | 182,751 |
| FRANKLIN | 20,069 |
| HANCOCK | 32,293 |
| KENNEBEC | 89,150 |
| KNOX | 28,575 |
| LINCOLN | 18,497 |
| OXFORD | 44,345 |
| PENOBSCOT | 126,346 |
| PISCATAQUIS | 17,379 |
| SAGADAHOC | 22,793 |
| SOMERSET | 39,749 |
| WALDO | 22,632 |
| WASHINGTON | 32,908 |
| YORK | 99,402 |

Source: U. S. Bureau of the Census, U. S. Census of Population: 1960 Number of Inhabitants Maine, Final Report PC(1)–21A

House of Representatives Speaker laid before the House and on Motion of Mr. Starbird of Kingman Township House Amendment "A" read and

Jan 21 1966

adopted. Order passed as amended by House Amendment "A".

Jerome G. Plante
Clerk

NAME: (Erwin) S/James S. Erwin

TOWN: York

STATE OF MAINE
HOUSE OF REPRESENTATIVES
102ND LEGISLATURE
FIRST SPECIAL SESSION

HOUSE AMENDMENT "A" to House Order Relative to Constitutionality of Legislative Documents 1630 and 1632.

Amend said Order by striking out all of the 2nd paragraph.

Further amend said Order by striking out all of the 11th line and inserting in place thereof the following: 'WHEREAS, this resolve requires that the apportionment of'

Further amend said Order in the 18th line by striking out the word "resolves" and inserting in place thereof the word 'resolve'

Further amend said Order in the 23rd line by striking out the word "questions" and inserting in place thereof the word 'question'

Further amend said Order by striking out all of the second question which reads as follows:

"II.

Is the method of apportioning Senators, set forth in Legislative Document 1632, constitutional?"

HOUSE OF
REPRESENTATIVES
Read and Adopted

Jan. 21, 1966

Jerome G. Plante
Clerk

NAME: (Starbird) S/ S. Glenn Starbird, Jr.

TOWN: Kingman

FIRST SPECIAL SESSION

## ONE HUNDRED AND SECOND LEGISLATURE

| Legislative Document | No. 1630 |
|---|---|

S. P. 624               In Senate, January 17, 1966

The Committee on State Government suggested.

                EDWIN H. PERT, Secretary

Presented by Senator Hoffses of Knox.

## STATE OF MAINE

### IN THE YEAR OF OUR LORD NINETEEN HUNDRED SIXTY–SIX

**RESOLVE, Proposing an Amendment to the Constitution Affecting the Apportionment of the State Senate.**

Constitutional amendment. Resolved: Two-thirds of each branch of the Legislature concurring, that the following amendment to the Constitution of this State be proposed:

Constitution, Article IV, Part Second, Sections 1–4, repealed and replaced. Sections 1 to 4 of Part Second of Article IV of the Constitution are repealed and the following enacted in place thereof:

'Section 1. Number of Senators. The Senate shall consist of not less than thirty nor more than forty Senators, elected at the same time and for the same term as Representatives by the qualified electors of the districts into which the State shall be from time to time divided.

Section 2. Division. The Legislature which shall convene after the adoption of this amendment shall cause the State to be divided into districts for the choice of Senators, and the Legislature, in the year of our Lord one thousand nine hundred and seventy-one, and every tenth year thereafter, shall do likewise. The districts shall conform, as near as may be to county lines and be apportioned according to the number of inhabitants so that each district shall have as close to a median number of thirty thousand inhabitants as possible, but in order to follow county and municipal boundaries the Legislature may deviate from this median figure so that the smallest district shall not have less than twenty-seven thousand inhabitants, and the largest district shall not have more than thirty-three thousand inhabitants. The basis of computation of the number of inhabitants shall be the Federal decennial census.

In the event that the Legislature shall fail to make an apportionment, the Supreme Judicial Court shall, within sixty days following the end of the period in which the Legislature is required to act, but fails to do so, make the apportionment.

Section 3. Election. The meetings within this State for the election of Senators shall be notified, held and regulated and the votes received, sorted, counted, declared and recorded, in the same manner as those for Representatives. Fair copies of the lists of votes shall be attested by the clerks of the cities and towns or other duly authorized officials and sealed up in open meetings and such officials shall cause said lists to be delivered into the Secretary of State's office within fifteen days after the date on which the election is held.

Section 4. Examination of lists; summons of persons who appear to be elected. The Governor and Council shall, as soon as may be, examine the copies of such lists, and at least twenty days before the said first Wednesday of January, issue a summons to such persons, as shall appear to be elected by a plurality of the votes in each senatorial district, to attend that day and take their seats.

Section 4-A. Determination of Senators elected; procedure for filling vacancies. The Senate shall, on said first Wednesday of January, biennially determine who is elected by a plurality of votes to be Senator in each district. All vacancies in the Senate arising from death, resignation, removal from the State or like causes, and also vacancies, if any, which may occur because of the failure of any district to elect by a plurality of votes the Senator to which said district shall be entitled shall be filled by an immediate election in the unrepresented district. The Governor shall issue a proclamation therefor and therein fix the time of such election.'

Form of question and date when amendment shall be voted upon. Resolved: That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general election in the month of November to give in their votes upon the amendment proposed in the foregoing resolution, and the question shall be:

"Shall the Constitution be amended as proposed by a resolution of the Legislature to Amend the Constitution Relating to the Appointment, Election and Powers of the Senate?"

The inhabitants of said cities, towns and plantations shall vote by ballot on said question, and shall indicate by a cross or check mark placed against the words "Yes" or "No" their opinion of the same. The ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings and returns made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall count the same, and if it shall appear that a majority of the inhabitants voting on the question are in favor of the amendment, the Governor shall, within the time allotted by law, make known the fact by his proclamation, and the amendment shall become a part of the Constitution as provided in the Revised Statutes of 1964, Title 1, section 351.

Secretary of State shall prepare ballots. Resolved: That the Secretary of State shall prepare and furnish to the several cities, towns and plantations ballots and blank returns in conformity with the foregoing resolve, accompanied by a copy thereof.

---

Answers of the Justices

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answer to the question propounded on January 21, 1966.

QUESTION (I): Is the method of apportioning Senators, set forth in Legislative Document 1630, constitutional?

ANSWER: We answer in the affirmative.

■ In our opinion the permitted deviation of 10% from the median number of

inhabitants for each senatorial district is within constitutional standards.

■ Constitutional requirements will be met if the Legislature makes a fair and honest effort to establish districts in such manner that it can reasonably be anticipated that a majority of the Senators will be so elected as to represent at least 50% of the population. If in practical operation a majority is so elected as to be representative of a lesser percentage of the population, no violation of constitutional requirements will occur if such controlling percentage is only slightly below 50%, but any substantial deviation below 50% may exceed tolerable and permissible limits.

■ Review and reapportionment every tenth year as proposed will meet constitutional requirements.

Our views are based upon the leading case of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 1385, 1389, 1393, 12 L.Ed. 2d 506, in which the Supreme Court of the United States said, in part:

> "We hold that, as a basic constitutional standard, the Equal Protection Clause requires that the seats in both houses of a bicameral state legislature must be apportioned on a population basis. Simply stated, an individual's right to vote for state legislators is unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the State."

> \* \* \* \* \* \*

> "By holding that as a federal constitutional requisite both houses of a state legislature must be apportioned on a population basis, we mean that the Equal Protection Clause requires that a State make an honest and good faith effort to construct districts, in both houses of its legislature, as nearly of equal population as is practicable. We realize that it is a practical impossibility to arrange legislative districts so that each one has an identical number of residents, or citizens, or voters. Mathematical exactness or precision is hardly a workable constitutional requirement."

> \* \* \* \* \* \*

> "In substance, we do not regard the Equal Protection Clause as requiring daily, monthly, annual or biennial reapportionment, so long as a State has a reasonably conceived plan for periodic readjustment of legislative representation. While we do not intend to indicate that decennial reapportionment is a constitutional requisite, compliance with such an approach would clearly meet the minimal requirements for maintaining a reasonably current scheme of legislative representation. And we do not mean to intimate that more frequent reapportionment would not be constitutionally permissible or practicably desirable. But if reapportionment were accomplished with less frequency, it would assuredly be constitutionally suspect."

Dated at Augusta, Maine, this 27th day of January, 1966.

Respectfully submitted:

ROBERT B. WILLIAMSON
　　　　　　　　　　　Chief Justice
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
HAROLD C. MARDEN
ABRAHAM M. RUDMAN
ARMAND A. DUFRESNE, JR.
　　　　　　　　　　　　　Justices.