OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.

Question Propounded by the Senate in an Order Dated June 13, 1967, Answered June 19, 1967.

Supreme Judicial Court of Maine.

June 22, 1967.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

SENATE ORDER PROPOUNDING QUESTION

STATE OF MAINE

In Senate, June 13, 1967

WHEREAS, a Bill, An Act to Establish Thirty-three Districts for the Election of Senators in the State of Maine and Report in Support Thereof, (Senate Paper 676, Legislative Document 1709) is pending before the 103rd Legislature; and

WHEREAS, it is important that the Legislature be informed as to the legality of the proposed Bill as it is the first time that the Legislature has been required to apportion Senators under Article IV, Part Second, of the Constitution of Maine, as amended by Chapter 87 of the Resolves of Maine, 1965; and

WHEREAS, the Senate has determined, for the purpose of this Order, that the last Federal Census (1960) shows the population of the respective cities, towns, plantations, townships, gores, wards and precincts or other designated areas of this State to be as set forth under heading "1960 Actual" as more fully appears in the Report appended to Senate Paper 676, Legislative Document 1709, or any Appendices thereto, and

WHEREAS, the Senate has caused the provisions of Senate Paper 676, legislative Document 1709, to be graphically illustrated upon a map of the State of Maine, which is attached hereto and incorporated herein and marked Exhibit A, for the assistance of the Justices of the Supreme Judicial Court, and

WHEREAS, it appears to the Members of the Senate of the 103rd Legislature that the constitutionality of the proposed Bill presents an important question of law and the occasion is a solemn one; now therefore be it

ORDERED, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give this Legislature their opinion on the following question:

Is the method of creating Senatorial Districts, set forth in Legislative Document 1709, constitutional?

Name: LUND

County: Kennebec

## ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answer to the question propounded on June 13, 1967.

QUESTION: Is the method of creating Senatorial Districts, set forth in Legislative Document 1709, constitutional?

ANSWER: We answer in the affirmative.

The question requires the application of our constitutional provision affecting the apportionment of the Senate to L.D. 1709 with the facts submitted to us relating to population and geographical limits of the proposed 33 senatorial districts to determine whether L.D. 1709 meets the requirements of our Constitution and the equal protection clause of the Federal Constitution. Maine Constitution Article IV, Part Second, Sections 1 and 2, (as amended by Article CIII effective November 28, 1966) ; U. S. Constitution, 14th Amendment.

In 1966 the Justices gave their opinion that our Constitution satisfies the equal protection clause of the 14th Amendment. We now express the opinion that the proposed apportionment plan is within the constitutional standards. The Justices (of whom four are presently members of the Court) unanimously said:

"In our opinion the permitted deviation of 10% from the median number of inhabitants for each senatorial district is within constitutional standards.

"Constitutional requirements will be met if the Legislature makes a fair and honest effort to establish districts in such manner that it can reasonably be anticipated that a majority of the Senators will be so elected as to represent at least 50% of the population. If in practical operation a majority is so elected as to be representative of a lesser percentage of the population, no violation of constitutional requirements will occur if such controlling percentage is only slightly below 50%, but any substantial deviation below 50% may exceed tolerable and permissible limits." Opinion of the Justices (Me.) 216 A.2d 651, 654 (1966).

We apply several "measuring rods" of inequality using approximate figures to test the validity of our conclusion.

1. The population variance between the most under-represented district and the most over-represented district, or between 32,908 and 27,106 is 1.21 to 1, or in terms of deviation from the median number within the 10% limitation of the Maine Constitution.

2. The maximum detrimental variation in population from the average among the districts is 12% based on the most under-represented district of 32,908 and the average district of 29,371.

3. The 17 districts of the 33 proposed with the smallest population, thus including the most over-represented districts, contain 49.2% of the population. The difference between 49.2% and 50% is slight indeed and in our opinion is well within tolerable limits under the Constitutions, both State and Federal.

4. Other factors bearing on the validity of the apportionment are that 19 of the proposed districts are above the average and 14 below; that 25 districts are wholly within a county; and that only our three largest cities are not contained within a district.

In testing the constitutionality of L.D. 1709, we have not sought for mathematical precision or geographical nicety. It is sufficient for our purposes that with the deviations from exact equality, the plan comes fairly within the spirit of one man-one vote. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; Note on Reapportionment, 79 Harvard Law Review 1228, 1250.

Dated at Augusta, Maine, this nineteenth day of June, 1967.

Respectfully submitted:

ROBERT B. WILLIAMSON,
DONALD W. WEBBER
WALTER M. TAPLEY, Jr.
HAROLD C. MARDEN
ARMAND A. DUFRESNE, Jr.
RANDOLPH A. WEATHERBEE,